NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3579
_____

NATIONAL LABOR RELATIONS BOARD,
Petitioner

v.

REGENCY HERITAGE NURSING AND REHABILITATION CENTER,
Respondent

_____

On Appeal from the National Labor Relations Board
(NLRB-1 : 22-CA-27992)

Submitted pursuant to Third Circuit LAR 34.1(a)
Tuesday, May 24, 2011

Before: McKEE, *Chief Judge*, SCIRICA and RENDELL, *Circuit Judges*

(Opinion filed: July 15, 2011)

_____

OPINION
_____

McKEE, *Chief Judge*.

This case is before us on the application of the National Labor Relations Board to

enforce its order issued against Regency Heritage Nursing Rehabilitation Center. For the

reasons that follow, we will grant the application for enforcement of the Board's order

I.

Because we write primarily for the parties, we will recite only the facts and procedural history that are necessary for the disposition of this appeal. On August 25, 2010, the Board affirmed the determination of the Administrative Law Judge that Regency Heritage had violated Section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) and (5), by refusing to deal with its employees' union representative, Hector Pena. Following this decision, the Board filed an application for enforcement of its August 25, 2010 order.

II.

The NLRA provides: "[E]mployees shall have the right . . . to bargain collectively through representatives of their own choosing." 29 U.S.C. § 157. However, "[u]nder settled Board law, an employer is justified in refusing to meet with a particular union representative if there is *persuasive* evidence that the presence of [that individual] would create ill-will and make good faith bargaining impossible." *King Soopers, Inc.*, 338 NLRB 269, 269 (2002) (internal quotation marks omitted); *see also UAW v. NLRB*, 670 F.2d 663, 664 (6th Cir. 1982) ("[E]xception[s] to the general rule that each party to a collective bargaining agreement has the right to choose the individuals it desires to represent it . . . are confined to situations so infected with ill will that good faith bargaining is impossible.").

Regency Heritage objects to enforcement of the Board's order because it asserts that good faith bargaining is impossible with Pena. According to Regency Heritage, it is justified in refusing to bargain with Pena because Pena accused Regency Heritage's

2

owner of stealing employees' money in 2005, and held up a sign that said "Fatah" in 2007. However, in its Decision and Order of August 25, 2010, the Board determined that the incident in 2005 could not have rendered bargaining with Pena impossible since Regency Heritage continued to bargain with him for two more years. Additionally, the Board adopted the credibility determination of the ALJ that Pena did not hold up a "Fatah" sign.

"We will not substitute our own credibility finding for the ALJ's," unless the ALJ's credibility determinations are "inherently incredible or patently unreasonable." *St. George Warehouse, Inc. v. NLRB*, 420 F.3d 294, 298 (3d Cir. 2005) (internal quotation marks omitted). Based on the record, we see no reason to supplant the ALJ's determination that Pena did not hold up a "Fatah" sign. Moreover, we agree with the Board that the undisputed fact that Pena continued to deal with Regency Heritage for two years after the 2005 incident belies its claim that this incident made bargaining with Pena impossible. Thus, we reject Regency Heritage's affirmative defense to enforcement of the Board's order - that good-faith bargaining with Pena would have been futile.

Alternatively, Regency Heritage argues that the Board should have deferred this matter to arbitration. "In appropriate cases the Board may in its discretion choose to defer to the arbitration process. In determining whether the Board has abused that discretion, 'it is the court's responsibility to ensure that the Board follow[s] its own policies.'" *NLRB v. Central Pa. Reg'l Counsel of Carpenters*, 352 F.3d 831, 833 (3d Cir. 2003) (citations omitted) (quoting *NLRB v. Yellow Freight Systems, Inc.*, 930 F.2d 316, 322 (3d Cir. 1991)). The Board's own policies establish that:

> Deferral is appropriate when the following factors are present: the dispute arose within the confines of a long and productive collective-bargaining relationship; there is no claim of employer animosity to the employees' exercise of protected statutory rights; the parties' agreement provides for arbitration of a very broad range of disputes; the arbitration clause clearly encompasses the dispute at issue; the employer has asserted its willingness to utilize arbitration to resolve the dispute; and the dispute is eminently well suited to such resolution.

*Wonder Bread*, 343 NLRB 55, 55 (2004).

At the time of the alleged "Fatah" sign incident, when Regency Heritage began its refusal to bargain with Pena, there was no collective-bargaining agreement. Neither the standstill agreement or the standstill extension agreement were yet in existence. Moreover, their creation did not provide for arbitration of this type of dispute. While the collective-bargaining agreement that the parties eventually entered into provides for arbitration, it only applies to disputes arising during the term of the agreement. Since this dispute is not covered by any arbitration agreement, the Board did not abuse its discretion when it decided not to defer this matter to arbitration.

III.

Accordingly, we will grant the Board's application for enforcement of its order against Regency Heritage Nursing and Rehabilitation Center.